**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Hunton,<br><br>       Plaintiff,<br><br>v.<br><br>American Zurich Insurance Company,<br><br>       Defendant. | No. CV-16-00539-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss Supplemental Complaint Re Lack of Jurisdiction. (Doc. 82.) The motion is fully briefed. For the following reasons, the Court denies the motion.[1]

## **BACKGROUND**[2]

On January 13, 2016, Plaintiff filed a complaint alleging that Defendant processed his workers' compensation claim in bad faith. At the time of the complaint, Defendant was paying disability benefits to Plaintiff. On April 4, 2016, Defendant issued a Notice of Claim Status terminating Plaintiff's benefits effective March 15, 2016. Plaintiff then filed a supplemental complaint alleging additional acts of bad faith occurring after the

---

[1] Defendant's request for oral argument is denied because oral argument will not aid the Court's resolution of the motion. LRCiv 7.2(f).

[2] For purposes of this order, the facts alleged in Plaintiff's Supplemental Complaint, (Doc. 68), are accepted as true. *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

1 original filing.

2 Specifically, Plaintiff alleges that, prior to issuing the Notice of Claims Status, Defendant required him to undergo an independent medical examination (IME) with Dr. Maric, who Plaintiff claims Defendant had reason to know was not independent. Plaintiff claims that Defendant chose Dr. Maric knowing that Plaintiff had filed a complaint with the Arizona Medical Board regarding Plaintiff's previous interaction with Dr. Maric for an IME.  Dr. Maric opined that Plaintiff was no longer in need of active medical care and recommended a one year supportive care award, care different from the recommendations of Plaintiff's treating doctor.

Plaintiff further alleges that Defendant requested a Loss of Earning Capacity Analysis on September 18, 2014 from Mayer Vocational Rehabilitation Services.  This report estimated Plaintiff's monthly loss at approximately $2,300.  After the April 2016 termination notice, Defendant requested another Loss of Earning Capacity Analysis from VocMedEcon (VME).  The VME report allegedly indicated that a human resource employee for Plaintiff's previous employer reported that Plaintiff was offered an accommodated position and that he was terminated due to "attitude issues and absenteeism."  Plaintiff claims Defendant was shopping for opinions from a vocational analyst that would best serve its own interests and that Defendant knew or should have known the statements were false.

The allegations in Plaintiff's supplemental complaint currently are being litigated before the Industrial Commission of Arizona (ICA) in relation to Plaintiff's claims for loss of earning capacity, ongoing medical care, and ongoing compensatory benefits. Defendant has moved to dismiss Plaintiff's supplemental complaint, arguing that the Court does not have subject matter jurisdiction over Plaintiff's claim until the ICA has made a compensability determination.  The Court disagrees.

## **LEGAL STANDARD**

The court must dismiss a case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).  "In a motion to dismiss for lack of subject matter jurisdiction, the

1 plaintiff bears the burden of establishing the court's subject matter jurisdiction."
2 *Soghomonian v. United States*, 82 F. Supp. 2d 1134, 1140 (E.D. Cal. 1999). "A federal
3 court is presumed to lack jurisdiction . . . unless the contrary affirmatively appears."
4 *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225
5 (9th Cir. 1989).

## DISCUSSION

The ICA has exclusive jurisdiction to adjudicate workers' compensation benefits, and a plaintiff generally cannot bring an action for bad faith denial of benefits if he has not first sought relief through the ICA. *Merkens v. Fed. Ins. Co.*, 349 P.3d 1111, 1115 (Ariz. Ct. App. 2015). Arizona's Workers' Compensation Act, however, "does not bar a common law tort action that is independent of the workers' benefit claim process if the conduct does not fall within the coverage of the Act." *Id.* at 1113 (internal quotation and citation omitted).

Relying on *Merkens*, Defendant argues that the Court lacks jurisdiction to decide the compensability issues alleged because Plaintiff has not exhausted his administrative remedies at the ICA. In *Merkens*, the plaintiff had not sought a compensability determination from the ICA, and instead sued to recover unpaid compensation and benefits post termination. *Id.* at 1114. Thus, the plaintiff wanted a jury to determine both her entitlement to benefits and the amount to which she was entitled. *Id.* at 1115-16. Notably, the plaintiff abandoned her bad faith handling claims and "t[ied] all of her damages to the denial of benefits." *Id.* at 1114 n.5. On those facts, the Arizona Court of Appeals held that the plaintiff was required to pursue administrative remedies before pursing her claim for bad faith because she asserted damages based solely on the termination of benefits. *Id.* at 1115-16.

In this case, however, Plaintiff does not claim that his damages are tied only to the termination of benefits. Rather, he alleges that Defendant improperly handled his claim. Plaintiff alleges, among other things, that Defendant abused the IME process and participated in vendor shopping for a favorable result. Plaintiff's allegations of bad faith

in the supplemental complaint are not based solely on the termination of benefits. Indeed, Defendant itself acknowledges that "Plaintiff might still pursue a claim for bad faith if the ICA were to find in favor of the Defendant on the issues of ongoing medical care, indemnity and LEC benefits[.]" (Doc. 118 at 4.)

The Court recognizes that some of Plaintiff's allegations, such as loss of income and loss of ongoing medical care, might be intertwined with the pending ICA determination. But even if portions of Plaintiff's supplemental complaint properly are construed as bad faith denial claims, *Merkens* held only that "in a bad faith denial of benefits lawsuit, the worker must first have at least sought a compensability determination from the Industrial Commission." *Id.* at 1115. Plaintiff has done so here. Importantly, *Merkens* also recognized that "there can be simultaneous proceedings in both the Industrial Commission and superior court, [but] the superior court . . . should wait to resolve any dispositive motions . . . until after the Industrial Commission has resolved the challenges to the denial or termination of benefits." *Id.* at 1115 n.6. Thus, to the extent Plaintiff's claims are in part tied to the denial of benefits, the Court need not dismiss the supplemental complaint. It may, instead, wait to resolve any dispositive motions until the ICA determination is complete.[3] Accordingly,

**IT IS ORDERED** that the Defendant's Motion to Dismiss the Supplemental Complaint, (Doc. 82), is **DENIED**.

Dated this 9th day of February, 2017.

Douglas L. Rayes
United States District Judge

---

[3] Plaintiff indicates that the ICA likely will reach a final determination before April 2017. (Doc. 112 at 4.) The deadline for filing dispositive motions is August 4, 2017. It appears likely, then, that the ICA will have made its determination before the Court makes dispositive rulings in this matter.