**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Hunton, | No. CV-16-00539-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| American Zurich Insurance Company, | |
| Defendant. | |

Plaintiff Bryan Hunton accuses Defendant American Zurich Insurance Company ("American Zurich") of handling his worker's compensation claim in bad faith. Before the Court is American Zurich's Motion to Exclude Testimony of Elliot Flood. (Doc. 204.) The motion is fully briefed and neither party requested oral argument. For reasons that follow, the motion is granted in part and denied in part.

**I. Legal Standard**

The district court determines whether expert testimony is admissible. *See Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 464-65 (9th Cir. 2014).

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;

> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Thus, Rule 702 requires expert testimony to be both relevant and reliable. *Barabin*, 740 F.3d at 463. Testimony is relevant if "[t]he evidence . . . logically advance[s] a material aspect of the party's case," *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007), and reliable if it has "a reliable basis in the knowledge and experience of the relevant discipline," *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999).

When assessing the reliability of expert witness testimony, the court should consider the non-exhaustive factors identified by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*: (1) whether the method "can be (and has been) tested;" (2) whether the method "has been subjected to peer review and publication;" (3) the method's "known or potential rate of error;" (4) whether there are "standards controlling the technique's operation;" and (5) whether the method has "general acceptance" within the "relevant scientific community." 509 U.S. 579, 592-94 (1993). "[T]he test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Kumho Tire*, 526 U.S. at 141.

Federal Rule of Evidence 403 allows the district court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Rule 403 and *Daubert* address different aspects of evidence and therefore act independently." *United States v. Ramirez-Robles*, 386 F.3d 1234, 1246 (9th Cir. 2004). Thus, evidence found reliable under Rule 702 may nonetheless be excluded under Rule 403 "if its probative value is outweighed by its prejudicial impact." *Id.*

**II. Discussion**

Hunton retained Robert Hommel to opine on the standards of good faith and fair

dealing in the administration of worker's compensation claims. He also retained Flood to: (1) "obtain American Zurich's public regulatory filings and conduct an analysis based on those filings and Zurich's business records produced in this case," (2) "provide [his] opinions on the root causes of the compliance failures identified by Bob Hommel in his report dated April 5, 2017," (3) "[p]rovide basic background on American Zurich . . . before assessing [the] company's compliance with industry standards for claim handling," (4) "[s]ummarize American Zurich's financial wealth as reported in its most recent financial statements . . .," and (5) "[p]rovide an analysis of the control and governance issues underlying American Zurich's compliance issues experienced in handling the Hunton claim." (Doc. 204-1.) American Zurich does not attack Flood's qualifications. Instead, it argues that Flood's opinions are not based on sufficient facts or data, unreliable, unhelpful to the jury, and prejudicial. (Doc. 204.)

### A. Reliability and Methodology

American Zurich's main criticism is that Flood relies heavily on Hommel's opinions in reaching his own. That is, Flood's opinions concerning the root causes of claims handling failures at American Zurich are based on the assumption that the claims handling failures Hommel opined to are present. But "an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." *Daubert*, 509 U.S. at 592. Moreover, as used by Rule 702, "the language 'facts or data' is broad enough to allow an expert to rely on hypothetical facts that are supported by the evidence," and "encompasses the reliable opinions of other experts." Fed. R. Civ. P. 702 advisory committee's note to 2000 amendment. Notably, American Zurich does not challenge the reliability of Hommel's expert opinions under Rule 702. Flood may therefore offer his opinions based on the hypothetical assumption that Hommel's findings and conclusions are true. If a jury finds Hommel not credible, Flood's opinions would suffer a similar fate.

In a related vein, American Zurich contends that Flood's opinions merely adopt Hommel's conclusions and are not themselves based on any methodology. But Flood

summarizes his methodology both in his expert report and during his deposition. (Doc. 204-1 at 6; Doc. 209-1.) American Zurich does not address this testimony in its motion and, therefore, has not shown that Flood rendered his opinions without *any* methodology.

American Zurich's remaining arguments over the reliability of Flood's testimony go more to the weight to which these opinions are entitled than to whether Flood may properly testify to the matters. "Rejection of expert testimony is the exception rather than the rule. *Daubert* did not work a 'seachange over federal evidence law,' and 'the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.'" Rule 702 advisory committee note to the 2000 amendment (quoting *United States v. 14.38 Acres of Land Situated in Leflore Cty., Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996)). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. The Court concludes that Flood's opinions, though they might be open to vigorous and perhaps fruitful cross-examination, are nonetheless sufficiently reliable to satisfy Rule 702's gatekeeping function.

### B. Helpfulness

American Zurich also argues that at least two aspects of Flood's opinions are not appropriate areas for expert testimony and are not helpful to the jury: (1) opinions concerning American Zurich's state of mind and (2) opinions concerning American Zurich's finances. The Court agrees in part.

Flood opines that the root causes of American Zurich's alleges claims handling failures "are pervasive enough to support the conclusion that upper management had to have known of, and approved, the deficient staffing levels, inadequate training, inadequate oversight by middle management, and the ethics-related lapses related to the financial incentives granted to the employees." (Doc. 204-1 at 13.) "Courts routinely exclude as impermissible expert testimony as to intent, motive, or state of mind." *Siring v. Oregon State Bd. of Higher Educ. ex rel. E. Oregon Univ.*, 927 F. Supp. 2d 1069, 1077

(D. Or. 2013). This is so because:

> Expert testimony as to intent, motive, or state of mind offers no more than the drawing of an inference from the facts of the case. The jury is sufficiently capable of drawing its own inferences regarding intent, motive, or state of mind from the evidence, and permitting expert testimony on this subject would be merely substituting the expert's judgment for the jury's and would not be helpful to the jury.

*Id.* Though Hunton may present evidence, including in the form of expert opinions, of pervasive claims handling failures, it is the jury that decides whether the pervasiveness of these alleged failures warrant an inference that American Zurich acted knowingly. Accordingly, Flood will not be permitted to testify as to American Zurich's knowledge or state of mind.

As for Flood's opinions concerning American Zurich's financial condition, the Court finds that his opinions could help a lay jury better understand the complex finances of an insurance claims handler. American Zurich's motion to preclude Flood from testifying as to these matters therefore is denied.

### C. Probative Value and Prejudice

Lastly, American Zurich argues that the probative value of Flood's testimony does not outweigh its prejudicial effects because of its questionable reliability and cumulative nature. On the latter point, American Zurich argues that Flood's testimony is cumulative because he merely adopts Hommel's conclusions. The Court disagrees. Although Flood's opinions are based, at least in part, on the assumption that Hommel's conclusions about claims handling failures are true, Flood nonetheless was retained to opine on different subjects. Indeed, American Zurich's own motion acknowledges the different areas of inquiry. As for the reliability of Flood's testimony, the Court already has determined that Flood satisfies Rule 702's gatekeeping function, though his testimony remains subject to vigorous cross-examination.

### III. Conclusion

For these reasons, the Court will preclude Flood was testifying as to American Zurich's knowledge or state of mind, but will otherwise deny American Zurich's motion.

**IT IS ORDERED** that American Zurich's Motion to Exclude Testimony of Elliot Flood (Doc. 204) is **GRANTED IN PART** and **DENIED IN PART** as explained herein.

Dated this 6th day of March, 2018.

Douglas L. Rayes
United States District Judge