1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Bryan Hunton, | No. CV-16-00539-PHX-DLR |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| American Zurich Insurance Company, | |
| Defendant. | |

Plaintiff Bryan Hunton accuses Defendant American Zurich Insurance Company ("Zurich") of handling his worker's compensation claim in bad faith and seeks both compensatory and punitive damages. (Doc. 1-1 at 5-14; Doc. 68.) Before the Court are Zurich's motion for summary judgment on the availability of punitive damages (Docs. 223, 240), and Hunton's motion to strike Zurich's reply, controverting statement of facts, and exhibits 74-95 (Doc. 247). The motions are fully—indeed, excessively—briefed. As explained below, Zurich's motion for summary judgment is denied and Hunton's motion to strike is granted in part.[1]

**I. Summary Judgment Standard**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party,

---

[1] Zurich's request for oral argument is denied. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The burden then shifts to the non-movant to establish the existence of material factual issues that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

**II. Discussion**

Having reviewed the parties' briefs and competing separate statements of fact, the Court will eschew an exhaustive recitation of the evidence and arguments. Suffice it to say that, based on the briefing, the Court cannot confidently conclude that there are no genuine issues of material fact bearing on the availability of punitive damages. This is particularly so because it appears that Hunton's punitive damages theory is so intertwined with his bad faith evidence that disputes of fact on the latter likely apply equally to the former.

The Court emphasizes that its decision is based on the briefing before it because the parties' briefs have not brought clarity to the facts material to the punitive damages issue. For perspective, this is an insurance bad faith action in which neither party has moved for summary judgment on the tort itself. Both parties agree, then, that Hunton's bad faith claim is suitable for trial, and for this reason there obviously will be genuinely disputed facts touching on the manner in which Zurich handled Hunton's worker's compensation claim. The sole issue raised on summary judgment is whether Hunton also

can present sufficient evidence to justify an award of punitive damages.[2]

In insurance bad faith actions, punitive damages are unavailable "absent evidence reflecting something more than conduct necessary to establish the tort." *Filasky v. Preferred Risk Mut. Ins. Co.*, 734 P.2d 76, 83 (Ariz. 1987) (internal quotation and citation omitted). "The something more is an evil mind, which is satisfied by evidence that defendant's wrongful conduct was motivate by spite, actual malice, or intent to defraud or defendant's conscious and deliberate disregard of the interest and rights of others." *Volz v. Coleman Co., Inc.*, 748 P.2d 1191, 1194 (Ariz. 1987) (internal quotation and citation omitted). Given the limited relief Zurich seeks, the briefs should have addressed with laser focus the evidence (or lack thereof) of the "something more." Assuming that Zurich acted in bad faith, is there also sufficient evidence that its conduct was motivated by spite, actual malice, or intent to defraud, or that Zurich consciously and deliberately disregard Hunton's interests and rights? Yet the briefing on this discrete question spans nearly 900 pages, which overflow with information and argument over matters that might be pertinent to the underlying bad faith claim, but seem not to materially bear on the "something more."

Take, for example, Hunton's supplemental statement of fact 64, which states "Bryan Hunton was 43 years old and had worked as a surveyor at Sundt for over 17 years when he sustained an injury at work on September 18, 2014." (Doc. 228-1 ¶ 64.) This fact provides exposition but is immaterial to whether Zurich acted with an evil mind, and therefore should not be listed in a document reserved for "facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party." LRCiv 56.1(b). Or consider paragraph 65 of the same, which states "[a]fter finishing hammering stakes into the ground with a sledgehammer, [Hunton] felt pain in his lower back when he went to get into his truck which increased throughout the day." (Doc. 228-1 ¶ 65.) How this fact precludes summary judgment on the availability of punitive

---

[2] Zurich moves for summary judgment on Hunton's punitive damages "claim," but punitive damages is a remedy, not a substantive claim. *See Martin v. Medtronic, Inc.*, 63 F. Supp. 3d 1050, 1061 (D. Ariz. 2014).

- 3 -

damages is lost on the Court. Zurich nonetheless saw it fit to submit an unauthorized separate statement of controverting facts to controvert Hunton's supplemental statement of controverting facts, and therein Zurich "dispute[s] in part" paragraph 65, evidently because "[t]he incident report does not mention a 'sledgehammer[.]'" (Doc. 252 ¶ 65.) Does the sledgehammer make it any more or less likely that Zurich acted with the requisite evil mind? To make matters worse, Zurich's filing of an unauthorized separate statement of controverting facts spurred another round of briefing on whether to strike Zurich's reply submissions.

"The parties' voluminous objections are sadly representative of a growing trend where attorneys . . . raise every objection imaginable without regard to whether the objections are necessary, or even useful, given the nature of summary judgment motions in general, and the facts of their cases in particular." *Marceau v. Int'l Broth. of Elec. Workers*, 618 F. Supp. 2d 1127, 1141-42 (D. Ariz. 2009) (internal quotations and citation omitted). They also reflect a fundamental misunderstanding of LRCiv 56.1, which imposes specific requirements on the form and content of summary judgment motions with the goal of simplifying the process.

### A. Non-Compliance with LRCiv 56.1

"Any party filing a motion for summary judgment must file a statement, separate from the motion and memorandum of law, setting forth each *material* fact on which the party *relies* in support of the motion." LRCiv 56.1(a) (emphasis added). Each of these facts "must refer to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition, discovery response, etc.)." *Id.* In turn:

> Any party opposing a motion for summary judgment must file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of *material* fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph and must refer to a specific admissible

portion of the record where the fact finds support.

LRCiv 56.1(b) (emphasis added).

Importantly, these rules do not require each and every fact appearing in the motion to also be listed in a separate statement. Often, expositional facts are referenced in the motion because they provide the Court with context, and sometimes these expositional facts are disputed, but not in any way that matters to the outcome (sledgehammers come to mind). But these expositional facts have no place in a party's separate statement, which should be limited only to those factual assertions material to the disposition of the motion. Facts are material if they might affect the outcome. *Anderson*, 477 U.S. at 248. Too many of the parties' factual squabbles fall outside this definition.

In a related vein,

> [LRCiv 56.1(b)] requires the controverting party to provide a specific record reference supporting the party's position if a fact is disputed; it does not permit explanation and argument supporting the party's position to be included in the response to the moving party's statement of facts. Argument may be made in the response or reply brief on the motion for summary judgment, but within the page limits.

*Pruett v. Arizona*, 606 F. Supp. 2d 1065, 1075 (D. Ariz. 2009). When reviewing the non-movant's separate controverting statement of facts, the Court therefore may disregard everything but the word "admitted" or "disputed," and the corresponding references to the record. *Id*. The rule also distinguishes between controverting facts, which respond directly to the specific factual assertion made by the movant, and "additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party a non-moving party." If a factual assertion made by the movant is undisputed but the non-movant believes additional information precludes summary judgment, the proper response is to admit the movant's factual assertion and then to include any additional material information in a separately numbered paragraph.

Hunton's 222-paragraph separate controverting statement of facts repeatedly flouts these rules. For example, in paragraph 2 of its separate statement of facts, Zurich asserts: "In September 19, 2014 Plaintiff reported his injury to his supervisor." (Doc. 224 ¶ 2.)

Hunton responds: "Plaintiff admits the injury was reported to his supervisor on September 19, 2014. Further, Plaintiff attempted to report the injury to his supervisor on the day of the injury and was unable to do so because his supervisor was not in the office." (Doc. 228-1 ¶ 2.) Everything after the word "admits" is improper. If Hunton believes that his previous attempt to report his injury is material to the punitive damages inquiry, he was required by LRCiv 56.1(b) to include that additional fact in a separately numbered paragraph. If, however, this information is expositional but immaterial to whether Zurich acted with an evil mind, it should have been omitted from the separate controverting statement entirely.[3]

Hunton also improperly disputes facts as "incomplete" or "misleading," which is just another way of saying that he agrees with the factual statement made by Zurich but believes additional information is material, or that a jury reasonably could draw different inferences from the fact (the latter is an argument that should be raised in the memorandum of law). For example, in paragraph 5 of its separate statement of facts, Zurich asserts: "Dr. Johnston gave Plaintiff a brace for his back and released him to full duty." (Doc. 224 ¶ 5.) None of this is disputed; Hunton admits that Dr. Johnston gave him a brace for his back and that Dr. Johnston released him to full duty. Yet Hunton purported to dispute this fact because Zurich did not also state that Hunton "was instructed to wear [the back brace] at all times while working and instructed to take anti-inflammatory medication for pain, and to begin an ice and heat regimen," or that Hunton's work release was "within his tolerance with the use of lumbar support." (Doc. 228-1 ¶ 5.) Zurich, however, is not obligated to throw in the kitchen sink. The rules require only that it supply the Court with a list of all material facts that *it* relies upon in *its* motion. If Hunton believes his ice and heat regimen is material to the punitive damages question (which the Court doubts), LRCiv 56.1(b) required him to include this information as a separately numbered statement of additional fact precluding summary judgment. But this additional information is no basis for disputing the fact Zurich

---

[3] For examples of similar violations, see Doc. 228-1 ¶¶ 27, 29, 30, 38.

actually asserted.[4]

Many of these same paragraphs also contain impermissible explanation or argument over the significance or implication of facts, and others dispute facts in immaterial ways.[5] For example, in paragraph 10 of its separate statement, Zurich asserts that it spoke with Hunton on October 1, 2014. (Doc. 224 ¶ 5.) In response, Hunton disputes the fact, in part because he claims the call occurred on October 2 rather than October 1. (Doc. 228-1 ¶ 5.) Absent from either party's brief, of course, is any explanation for how the date of the call affects the punitive damages analysis.

Summary judgment is appropriate only where there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). This District's Local Rules were designed to make this analysis more efficient. In a perfect world, movants would include only material facts in their separate statements, and non-movants would either admit or dispute those facts (with appropriate record citations) and, if necessary, separately enumerate additional facts that preclude summary judgment. By comparing the two documents, the Court quickly should be able to glean which facts, if any, are genuinely disputed with some degree of confidence that the facts included in the separate statements are material. If no facts are genuinely disputed, the Court can proceed to the parties' legal arguments and assess whether the movant is entitled to judgment as a matter of law. If, however, any of the material facts enumerated in the movant's separate statement are genuinely disputed, the inquiry should end because a genuine dispute of material fact precludes summary judgment.

But the world is not perfect. Movants too often include immaterial, expositional facts in their separate statements, or take liberties in their characterization or paraphrasing. In turn, non-movants too often use their separate controverting statements to argue over the legal significance of facts—or even semantics (*see* Doc. 228-1 ¶ 1)—

---

[4] For examples of similar violations, see Doc. 228-1 ¶¶ 10, 12, 15, 20, 25, 26, 40, 47, 50, 60.

[5] The Court has been down this road before. *See McClure v. Country Life Ins. Co.*, No. CV-15-02597-PHX-DLR, 2017 WL 3268841, at *1-2 (D. Ariz. Aug. 1, 2017).

and flood the pages with additional information that is immaterial to the specific issue presented by the motion. In doing so, the parties needlessly complicate this Court's task, as the Court no longer can compare competing separate statements with any confidence that the information contained therein is material or the disputes genuine. These practices largely have robbed LRCiv 56.1's procedure of all usefulness.[6] Instead of a tool to help the Court quickly identify genuine and material factual disputes, the Court routinely is bogged down in voluminous documents that simply muddy the waters.

### B. Motion to Strike (or, More Non-Compliance with LRCiv 56.1)

Hunton's motion to strike highlights another form of non-compliance with LRCiv 56.1. As previously noted, the Local Rules require the movant to submit a separate statement enumerating all material facts that the movant believes are undisputed. In turn, the non-movant must file a separate, controverting statement of facts that either admits or controverts each of the movants factual statements. The non-movant may also offer—in separately numbered paragraphs—additional facts that preclude summary judgment.

Here, Zurich's separate statement contains 63 paragraphs of factual assertions that Zurich contends are undisputed and material to the punitive damages question. (Doc. 224.) In response, Hunton submitted a 222-paragraph separate controverting statement of facts. (Doc. 228-1.) The first 63 paragraphs (or at least portions of them) respond to Zurich's 63 factual assertions. The remaining 159 paragraphs offer additional information that Hunton ostensibly believes precludes summary judgment on the availability of punitive damages. Zurich then submitted with its reply memorandum its own separate controverting statement of facts, which responds to each of Hunton's 159 statements of additional fact and attaches 159 pages of new exhibits. (Docs. 246, 252.) Hunton argues that Zurich's separate controverting statement of facts and its

---

[6] For this reason, this Court's standard case management order now eschews LRCiv 56.1 in favor of a simpler process that eliminates separate statements of facts. (standard order available at http://www.azd.uscourts.gov/sites/default/files/judge-orders/DLR%20Case%20Management%20Order%20-%20After%20050117.pdf). Alas, this matter is governed by an older version of the Court's case management order and therefore remains subject to LRCiv 56.1 oft-misused procedures.

accompanying exhibits should be stricken because the filings are unauthorized. The Court agrees.

A party may move to strike "any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m).

> The Local Rules do not authorize a separate Statement of Facts in the Reply as they explicitly do for a Response. . . . Should a moving party have any objections or replies to arguments or facts made in the Response or its supporting statement of facts, these ". . . must be included in the responding party's reply memorandum for the underlying motion and may not be presented in a separate responsive memorandum." LRCiv. 7.2(m)(2).

*E.E.O.C. v. AutoZone, Inc.*, No. 06-CV-0926-PHX-SMM, 2008 WL 2509302, at *1 (D. Ariz. June 19, 2008); *see also Marceau*, 618 F. Supp. 2d at 1141 ("LRCiv 56.1(d), which permits the moving party to file a reply memorandum, does not permit the moving party to file a separate responsive memorandum to any additional facts in the non-moving party's separate statement of facts. Instead, LRCiv 7.2(m)(2) requires that '[a]ny response to the objection must be included in the responding party's reply memorandum for the underlying motion and may not be presented in a separate responsive memorandum.'"); *Kinnally v. Rogers Corp.*, No. CV-06-2704-PHX-JAT, 2008 WL 5272870, at *2 (D. Ariz. Dec. 12, 2008) ("The Local Rules do not contemplate attaching additional exhibits to replies in support of summary judgments or filing a separate response to the non-moving party's statement of facts. This is consistent with the moving party's need to show no genuine issue of material facts exists and that there is no need for a trier of fact to weigh conflicting evidence, assuming the non-moving party's evidence is true." (internal quotation and citation omitted)).[7]

Zurich contends that it submitted a separate statement controverting Hunton's additional statements of fact to ensure that these additional facts are not deemed undisputed. (Doc. 253 at 4.) This argument reflects a misunderstanding of the summary

---

[7] Effective December 1, 2017, the Local Rules now make this explicit. *See* LRCiv 56.1(b) ("No reply statement of facts may be filed.").

1 judgment standard. Hunton has not moved for summary judgment on any aspect of this
2 case and, therefore, is not arguing that the facts material to his claims are undisputed. To
3 the contrary, he offered his additional statements of fact to establish the *existence* of a
4 factual dispute. Accordingly, the effect of Hunton's additional factual statements going
5 unrebutted is not that they are deemed undisputed. If those additional facts are both
6 material and supported by citations to admissible portions of the record, they show only
7 that the pertinent facts are genuinely disputed.

This point succinctly was made by the Court in *Isom v. JDA Software, Incorporated*:

> Defendant apparently miscomprehends the standard for deciding a motion for summary judgment, in which the movant bears the burden of proving "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).
>
> Explicating the logical possibilities for a supplemental statement of facts demonstrates why Defendant's argument must fail. Each of Plaintiff's supplemental facts necessarily must fall into one of the following categories: (1) not material to deciding the motion, (2) material to deciding the motion and disputed, or (3) material to deciding the motion and undisputed. A movant is not prejudiced by not responding to facts falling into the first category because a court does not consider immaterial facts in ruling on a motion for summary judgment. . . . Nor is a movant prejudiced by not responding to facts falling into the second category because disputed facts serve to *defeat* the motion for summary judgment. Defendant in its unauthorized response disputes a number of Plaintiff's supplemental facts; if just one of these facts is material to deciding the motion, then Defendant has necessarily defeated its own motion. Thus, Defendant can gain nothing by disputing these facts. Finally, a movant is not prejudiced by not responding to facts falling into the third category because the movant's agreement that these supplemental facts are undisputed merely further supports the non-movant's position.

No. CV-12-02649-PHX-JAT, 2015 WL 3953852, at *1 (D. Ariz. June 29, 2015).

Stranger still is that Zurich admittedly cites to only 19 of these additional statements of fact in its reply memorandum, meaning that it must have considered the other 140 paragraphs to be either undisputed or immaterial. This, in turn, undermines Zurich's contention that it could not sufficiently address all of Hunton's additional

- 10 -

statements of fact in its reply memorandum—even after the Court allowed Zurich to file an enlarged, 17-page reply brief. (Doc. 253 at 3.) Certainly, Zurich could have found space within those 17 pages to address the 19 additional statements of fact that Zurich considered relevant to the punitive damages issue. Moreover—and of particular import to this order—if those 19 statements are material (as Zurich's response to the motion to strike seems to suggest), then it would appear that summary judgment is inappropriate either because there are genuine disputes of material fact, or because Zurich failed to set forth all facts material to the issue in its original motion. *See* LRCiv 56.1(a).

## III. Conclusion

"Lawyers are tasked with bringing clarity out of chaos, and voluminous filings rarely do that." *State Comp. Ins. Fund v. Drobot*, SACV 13-0956 AG (JCGx), 2016 WL 6661338, at *1 (C.D. Cal. Aug. 10, 2016). Regrettably, the briefing in this case has sown more chaos than it has ordered. As a result, the Court cannot confidently conclude that there are no material factual disputes bearing on the availability of punitive damages. Indeed, Zurich's reply memorandum and response to Hunton's motion to strike suggest that there are at least 19 disputed assertions of fact that bear on the punitive damages question.

For all of these reasons, the Court will strike from the record Zurich's separate statement of controverting facts and its accompanying exhibits. The Court denies Hunton's motion to strike Zurich's reply memorandum because Zurich was authorized to file it. The Court also denies Zurich's motion for summary judgment on the availability of punitive damages because Zurich has not demonstrated that there are no genuine disputes of material fact or that it is entitled to judgment as a matter of law. Of course, nothing in this order precludes Zurich from arguing that the Court should direct a verdict in its favor on the punitive damages claim after the presentation of Hunton's evidence at trial. With any luck, the presentation at trial will order the chaos.

**IT IS ORDERED** that Zurich's motion for summary judgment (Docs. 223, 240) is **DENIED**.

**IT IS FURTHER ORDERED** that Hunton's motion to strike (Doc. 247) is **GRANTED IN PART**. The Clerk of the Court shall strike from the record Zurich's separate statement of controverting facts and accompanying exhibits (Docs. 246, 252).

Dated this 6th day of March, 2018.

Douglas L. Rayes
United States District Judge