**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Hunton,<br><br>　　　　Plaintiff,<br><br>v.<br><br>American Zurich Insurance Company,<br><br>　　　　Defendant. | No. CV-16-00539-PHX-DLR<br><br>**ORDER** |

Following a trial in this insurance bad faith action, the jury returned a verdict in favor of Plaintiff and against Defendants. (Doc. 344.) Shortly after the jury returned its verdict, the parties negotiated a settlement. (Doc. 356.) In accordance with that settlement and the parties' stipulation, the Court dismissed this action with prejudice on June 1, 2018. (Docs. 362, 365.)

Four days later, Plaintiff filed a Motion to Unseal Trial Exhibits (Doc. 366), which now is fully briefed (Docs. 367, 368). Plaintiff asks the Court "to unseal the exhibits admitted into evidence at trial (Doc. 347)." (Doc. 366 at 8.) Docket entry 347 is a copy of Plaintiff's trial exhibit list. None of these exhibits, however, were admitted under seal at trial, a fact Plaintiff acknowledges in his motion.[1] (Doc. 366 at 1 ("[W]hen Plaintiff indicated in the parties' Joint Pretrial Statement that he intended to use some of those

---

[1] Although a subset of Plaintiff's trial exhibits previously were filed under seal in connection with the parties' dispositive motions (Docs. 225, 224), Plaintiff has not asked the Court to unseal those specific filings.

documents at trial, Zurich did not object or seek to prevent their disclosure in open court. Nor did it move to seal them once they were admitted, or at any point thereafter.").) The Court cannot unseal trial exhibits that were not sealed in the first place. Instead, the Court construes Plaintiff's motion as challenging Defendant's designation of these exhibits as confidential and seeking relief from the July 7, 2016 Protective Order's restrictions on the disclosure of confidential material produced during discovery. (Doc. 36.) So framed, Plaintiff's motion is granted.

**I. Overview of Protective Order**

On July 5, 2016, the parties jointly moved for the entry of a protective order designed to facilitate discovery and reduce discovery disputes. (Doc. 35.) The Court granted the motion and issued the Protective Order on July 7, 2016. (Doc. 36.) The Protective Order allows either party to designate material sought during discovery as "confidential," defined as:

> such material or matter used by [the designating party] in, or pertaining to, its business, which matter is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence and/or . . . constitute such personal material which matter is not generally known and which the party would normally not real to third parties or would cause third parties to maintain in confidence.

(¶ 2.) The Protective Order also restricts the disclosure of information designated as confidential. (¶¶ 3-5.)

Pursuant to Paragraph 8 of the Protective Order:

> before filing any "CONFIDENTIAL INFORMATION" with the Court, the submitting party must confer with the designating party to determine whether or not the designated material must be filed under seal, and if so, whether the parties can agree on a stipulation to have the "CONFIDENTIAL INFORMATION" filed under seal. Any stipulation must set forth the facts and legal authority that justify filing the "CONFIDENTIAL INFORMATION" under seal. If the parties cannot agree on a stipulation, the submitting party must lodge the "CONFIDENTIAL INFORMATION" under seal and file and serve a notice of lodging summarizing the parties' dispute and setting forth the submitting party's position, accompanied by a certification that the parties have conferred in good faith and were unable to agree about whether the

> "CONFIDENTIAL INFORMATION" should be filed under seal. Within 14 days after service of the notice, the designating party must file and serve either a notice withdrawing the confidentiality designation or a motion to seal and a supporting memorandum that sets forth the facts and legal authority justifying the filing of the "CONFIDENTIAL INFORMATION" under seal. If the designating party does not file a motion or notice, the Court may enter an order making the "CONFIDENTIAL INFORMATION" part of the public record.

(¶ 8.) Moreover,

> [i]n the event that any "CONFIDENTIAL INFORMATION" is used in any court proceeding in connection with this litigation in accordance with the terms of this Order, it will not lose its "CONFIDENTIAL INFORMATION" status through the use, and the parties will take all steps reasonably required to protect its confidentiality during the use.

(¶ 11.)

The Protective Order does not require a party to challenge the propriety of a confidentiality designation at the time it is made, nor does failure to do so "preclude a subsequent challenge during the pendency of this litigation." (¶ 9.) If a dispute over the propriety of a confidentiality designation arises, "[t]he burden of proving that information has been properly designated . . . is on the party making the designation." (*Id.*)

Although the parties' stipulated to entry of the Protective Order, their agreement preserves

> any party's right to seek at a future time relief from the Court from any or all provisions of [the] Protective Order, including the risk to seek an order granting access to specific documents designated as "CONFIDENTIAL" to specific individuals, or for an order allowing certain documents designated as "CONFIDENTIAL" to be used or disclosed in a manner contrary to that authorized herein[.]

(¶ 23.) By its terms, the Protective Order "survive[s] the final termination of this lawsuit," and the Court "retain[s] jurisdiction to resolve any dispute concerning the use of the documents protected under" the Protective Order. (¶¶ 24-25.)

**II. Summary of Dispute**

In the time since this litigation concluded, Plaintiff's counsel has received requests

from other attorneys for copies of the exhibits that were admitted at trial. (Doc. 368-1.) Of the 44 exhibits admitted by Plaintiff into evidence at trial, 12 currently are designated by Defendant as confidential: Plaintiff's Exhibits 6, 8, 9, 10, 11, 13, 14, 15, 17, 18, 21, and 24.[2,3] (Doc. 347; Doc. 367 at 2.) The Court understands Plaintiff's current motion to be seeking relief from the Protective Order so that Plaintiff may disclose these exhibits to interested attorneys in a manner otherwise inconsistent with the Protective Order. Plaintiff contends Defendant waived the confidentiality of these exhibits by not objecting to their unsealed admission at trial and, alternatively, that compelling reasons do not justify maintaining confidentiality.

In response, Defendant argues: (1) the Court lacks jurisdiction over this dispute now that the parties have stipulated to a dismissal with prejudice, (2) Plaintiff waived his right to challenge these confidentiality designations when he stipulated to the documents being filed under seal in connection with dispositive motions, (3) Defendant did not waive confidentiality by allowing the exhibits to be used at trial because Paragraph 11 of the Protective Order contemplates such use, and (4) there are compelling reasons for maintaining the confidentiality of these exhibits. (Doc. 367.)

At the outset, the Court observes that this dispute probably is not presented appropriately. Although some of Plaintiff's trial exhibits previously were filed under seal in connection with dispositive motions, no party moved to seal these exhibits when they were offered for admission at trial. Plaintiff therefore is not seeking to unseal his trial exhibits; he is mounting a challenge to Defendant's confidentiality designations. The procedure for doing so is outlined in Paragraph 9 of the Protective Order:

---

[2] This list comes from Defendant's response memorandum. Plaintiff does not specify which of his trial exhibits currently are designated as confidential, but also does not dispute Defendant's enumeration. For purposes of this order, the Court presumes that only these 12 exhibits were both admitted by Plaintiff at trial and designated as confidential by Defendant pursuant to the Protective Order.

[3] Defendant also includes Plaintiff's Exhibit 12 in its enumeration of trial exhibits subject to the Protective Order. (Doc. 367 at 2.) The record, however, indicates that Plaintiff's Exhibit 12 was not admitted into evidence at trial. (Doc. 347 at 1.) Accordingly, the Court considers Plaintiff's Exhibit 12 to be outside the scope of the current motion because Plaintiff's motion is directed toward "exhibits *admitted into evidence* at trial." (Doc. 366 at 8 (emphasis added).)

> No party is obligated to challenge the propriety of a "CONFIDENTIAL INFORMATION" designation at the time made, and failure to do so will not preclude a subsequent challenge during the pendency of this litigation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation, that party must provide to the disclosing party written notice of its disagreement with the designation. The parties will first try to dispose of any dispute in good faith on an informal basis. If the dispute cannot be resolved within thirty (30) days of receipt of a party's written objection to the designation, the designation will cease to apply unless, within those 30 days, the party who made the designation moves the Court for an order designating the information as "CONFIDENTIAL INFORMATION," in which case the material so designated will be treated as "CONFIDENTIAL INFORMATION" in accordance with this Order until the Court rules on said motion. The burden of proving that information has been properly designated as "CONFIDENTIAL INFORMATION" is on the party making the designation.

(Doc. 36 ¶ 9.)

It appears that Plaintiff provided written notice of its disagreement with Defendant's confidentiality designations on May 23, 2018, when Plaintiff's counsel sent Defense counsel the following email:

> Another attorney has asked our office to provide copies of the exhibits that were admitted at trial. As you know, some of the exhibits included documents that were previously subject to the joint protective order. Because they were admitted at trial and used in open court, however, they are now public and are no longer subject to the joint protective order. In an abundance of caution, I wanted to let you know that we intend to provide copies of the admitted exhibits by Friday afternoon, and confirm there is no objection to us doing so. If there is an objection, please let me know no later than Friday morning.

(Doc. 368-1.) Although neither party provided the Court with Defense counsel's response to this email, the fact that the parties are here litigating the issue indicates that Defense counsel did, in fact, object to such disclosure. Accordingly, pursuant to Paragraph 9 of the Protective Order, the parties were required to make a good faith effort to resolve the issue informally within 30 days of the May 23 email. If they could not reach a resolution within that time, the exhibits would no longer be considered confidential unless *Defendant* filed a motion with the Court seeking an order designating the material confidential. Here, however, the opposite happened.

Notwithstanding the procedural posture, the Court will adjudicate the motion on its merits because the issues are adequately briefed and neither party has objected to the manner in which the issues have been presented for the Court's review. As the designating party, Defendant bears the burden of persuading the Court that the relevant exhibits are appropriately considered confidential under the terms of the Protective Order. The Court therefore will consider the dispute in the context of Defendant's arguments for maintaining confidentiality.

**III. Jurisdiction**

The Court has jurisdiction to consider this dispute, notwithstanding the parties' stipulation to dismissal with prejudice. By its express terms, the Protective Order "survive[s] the final termination of this lawsuit," and the Court "retain[s] jurisdiction to resolve any dispute concerning the use of the documents protected under" the Protective Order. (Doc. 36 ¶¶ 24-25.)

**IV. Waiver by Plaintiff**

Plaintiff did not waive his right to challenge these confidentiality designations when he stipulated to the documents being filed under seal in connection with dispositive motions for at least three reasons. First, although Plaintiff stipulated to certain documents being filed under seal at the dispositive motions stage, the parties' stipulation explicitly stated: "Plaintiff does not wish to challenge the confidentiality of these designations *at this time*." (Doc. 214 (emphasis added).) Plaintiff therefore clearly reserved his right to challenge the confidentiality of these designations at a later time. Second, and relatedly, paragraph 9 of the Protective Order explicitly states that no party is obligated to challenge the propriety of a confidentiality designation at the time it is made, nor does failure to do so "preclude a subsequent challenge during the pendency of this litigation." (Doc. 36 ¶ 9.) Finally, the standard for sealing materials on the public docket depends on many factors, including the motion or filing to which the materials are attached and how integral the materials are to the public's ability to understand the disposition of that motion. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678-79 (9th Cir. 2009). Thus, Plaintiff may stipulate to

seal materials at one stage of the litigation without waiving his right to argue at a later stage that the materials should no longer be shielded from the public.

### V. Waiver by Defendant

Defendant has waived the confidentiality of Plaintiff's trial exhibits by not objecting to their public disclosure at trial. Although paragraph 11 of the Protective Order states that a party's confidentiality designations will not lose their confidential status through use in a court proceeding connected with this litigation, this provision comes with an important caveat: "the parties will take all steps reasonably required to protect its confidentiality during the use." (Doc. 36 ¶ 11.) Here, Plaintiff indicated in the parties' Joint Pretrial Statement that he intended to introduce documents designated by Defendant as confidential at trial. Defendant did not object or seek to prevent these disclosures in open court, nor did it move to seal these documents once they were admitted. Therefore, Defendant, as the party asserting confidentiality, did not take reasonable steps to protect the confidentiality of these exhibits at the time they were used in open court. *See, e.g.*, *In re Bard IVC Filters Prods. Liab. Litig.*, No. CV-16-00474-PHX-DGC, 2018 WL 3721373 (D. Ariz. Aug. 3, 2018); *Biovail Labs., Inc., v. Anchen Pharm., Inc.*, 463 F. Supp. 2d 1073, 1078-81 (C.D. Cal. 2006). Because these documents already have been disclosed to the public during trial, the Court finds that they no longer are appropriately deemed confidential.

### VI. Reasons for Maintaining Confidentiality

Assuming that Defendant did not waive the confidentiality of the exhibits at issue, compelling reasons do not justify maintaining confidentiality now. Based on Defendant's description of the exhibits, it appears that most are performance reviews of claims specialists. Others are internal reports and training materials. The Court permitted some of these documents to be filed under seal at the dispositive motions stage, both because the parties stipulated that sealing the documents was appropriate at that stage and because the documents were not necessary to the public's ability to understand the Court's ruling of the dispositive motion.

Circumstances are different now. The parties proceeded to a full trial on the merits,

during which Plaintiff admitted and used these exhibits as part of his case. These documents are now important for the public to fully understand the trial. Indeed, Plaintiff's counsel has received inquiries from other attorneys, indicating that the public is, in fact, interested in understanding this case. Moreover, there is value in permitting such disclosure. "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d. 1122, 1131 (9th Cir. 2003).

For these reasons,

**IT IS ORDERED** that Plaintiff's Motion to Unseal Trial Exhibits (Doc. 366), which the Court construes as a motion for relief from the July 7, 2016 Protective Order's restrictions on the disclosure of confidential material produced during discovery, is **GRANTED**. Exhibits publicly admitted into evidence by Plaintiff at trial (*See* Doc. 347) are no longer subject to the Protective Order's restrictions on the disclosure of confidential material, provided that all personal identifying information contained within the employee performance evaluations is redacted.[4]

Dated this 3rd day of December, 2018.

Douglas L. Rayes
United States District Judge

---

[4] Plaintiff has represented to the Court that such information has been redacted and that his counsel does not possess unredacted copies of these evaluations.

- 8 -