**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Hunton, | No. CV-16-00539-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| American Zurich Insurance Company, | |
| Defendant. | |

After a jury found in favor of Plaintiff and against Defendant, the parties reached a settlement and stipulated to the dismissal of this action with prejudice. (Docs. 356, 362, 365.) Plaintiff then filed a Motion to Unseal Trial Exhibits, which the Court construed as a motion challenging Defendant's designation of certain trial exhibits as confidential and seeking relief from the Protective Order's restriction on the disclosure of confidential information produced during discovery. (Docs. 366, 369.) So construed, the Court granted Plaintiff's motion on December 4, 2018. (Doc. 369.)

On December 28, 2018, Defendant noticed an appeal of the Court's order. Several days later, Defendant moved to stay the effect of the Court's December 4, 2018 order pending resolution of its appeal. (Doc. 372.) In the alternative, Defendant asks that the Court temporarily stay its order for a period of 7 days to allow Defendant time to seek a stay from the Ninth Circuit. (Doc. 380 at 4.) The motion to stay is fully briefed and suitable for resolution without oral argument. (Docs. 379, 380.) For the following reasons,

Defendant's motion to stay the Court's order during the pendency of the appeal is denied, but its alternative request for a 7-day stay is granted.

**I. Legal Standard**

A stay is a matter of discretion, not a matter of right. *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012). When deciding whether to grant stay, the Court balances four factors: (1) the likelihood that the movant will succeed on appeal; (2) whether the movant will be irreparably injured without a stay; (3) whether a stay will substantially harm others; and (4) whether a stay serves the public interest. *Id.* The movant has the burden of showing that circumstances justify a stay. *Id.*

**II. Discussion**

At the outset, the last two factors do not weigh against a stay. A stay merely would delay disclosure of the documents at issue, and a relatively modest delay would not substantially harm Plaintiff or the public. With that said, the Court finds that a stay is not warranted because Defendant has not carried its burden on the first two factors.

**A. Likelihood of Success on the Merits**

Perhaps counterintuitively, the phrase "likelihood of success on the merits" does not mean that the movant is more likely than not to prevail on appeal. *Id.* at 1204. Instead, the movant must at a minimum show that it has a "substantial case for relief on the merits." *Id.*

The Court granted Plaintiff's motion primarily because Defendant waived the confidentiality of the exhibits at issue by not objecting to their unsealed admission at trial. (Doc. 369 at 7); *see In re Bard IVC Filters Prods. Liab. Litig.*, No. MDL 15-02641-PHX-DGC, 2019 WL 186644, at *2-4 (D. Ariz. Jan. 14, 2019) (explaining that trial exhibits, regardless of whether they appear on the public docket or are openly displayed or discussed in court, become judicial records subject to the public's right of access by virtue of their admission at trial, and that the unsealed admission of exhibits that otherwise might be covered by a protective order waives such confidentiality protections). Assuming Defendant had not waived confidentiality, the Court alternatively concluded that

compelling reasons did not justify confidentiality. (Doc. 369 at 7-8.)

In arguing for a stay, Defendant primarily contends that the Court lacked jurisdiction to consider Plaintiff's motion after the parties stipulated to dismissal with prejudice.[1] Defendant relies on out-of-circuit authority for the proposition, perhaps most explicitly stated in *McCall-Bey v. Franzen*, 777 F.2d 1178, 1185 (7th Cir. 1985), that "[a]n unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b)." Stated differently, Defendant argues that, once the Court entered an unconditional dismissal of this action, it "no longer retained jurisdiction to hear Plaintiff's dispute over confidentiality, merely because the Court had jurisdiction over the case that was settled." (Doc. 380 at 2.)

Contrary to Defendant's argument and in contrast to the cases it relies on, the Court did not assert jurisdiction over the confidentiality dispute simply because it once had jurisdiction over the merits of the case itself. Rather, the Court concluded that it retained jurisdiction over the confidentiality dispute because the parties had explicitly agreed that the Protective Order would survive the final termination of the lawsuit and that the Court would "retain jurisdiction to resolve any dispute concerning the use of the documents protected under," the Protective Order." (Doc. 369 at 6; Doc. 36 ¶¶ 24-25.) The parties agreed that the Court would retain jurisdiction over these types of disputes even after the final termination of the lawsuit, and nothing in the authorities cited by Defendant suggests that such an agreement would become null simply because the lawsuit terminated through a settlement and stipulation of dismissal.

Defendant also argues that Plaintiff waived his right to challenge Defendant's confidentiality designations because paragraph 9 of the Protective Order allows parties to

---

[1] Defendant also states that it "objects to the Court's reformation of Plaintiff's motion to achieve a purpose it was not crafted to accomplish." (Doc. 372 at 3 n.1.) This objection is not well-taken. Regardless of the label Plaintiff attached to his motion, it is amply clear from the briefing that Plaintiff was, in fact, seeking permission to disseminate documents designated by Defendant as confidential in a manner that otherwise would be inconsistent with the Protective Order. Defendant does not have a reasonable probability of persuading the Ninth Circuit that that Court erred by treating Plaintiff's motion for what it was.

- 3 -

challenge confidentiality designations "during this litigation," and Plaintiff waited until the litigation ended before raising his confidentiality objections. Defendant contends that the Court misread and misapplied the Protective Order when it entertained and sustained Plaintiff's objections, despite their timing.

Although this argument has more teeth than Defendant's jurisdiction challenge, it also has its problems, the most glaring of which is that Defendant did not clearly raise or develop this argument in its response in opposition to Plaintiff's original motion. Defendant argued that the Court lacked jurisdiction because the case had since been terminated through a stipulated dismissal. Defendant also argued that Plaintiff waived his confidentiality objections because earlier he had stipulated to allowing some of the documents at issue to be filed under seal in conjunction with the summary judgment briefing. But Defendant did not argue that Plaintiff waived his confidentiality objections because paragraph 9 of the Protective Order requires these objections to be raised during the litigation, not after.

Lastly, Defendant argues that compelling reasons justify maintaining confidentiality because the documents at issue contain trade secrets. The Court previously considered and rejected this argument. Moreover, even if the documents at issue contain trade secrets, the Court's order principally rested on its conclusion that Defendant had waived confidentiality by allowing the documents to be publicly admitted into evidence at trial. The weight of authority supports the Court's conclusion on this point. *See In re Bard IVC Filters Prods. Liab. Litig.*, 2019 WL 186644, at \*2-4 (collecting cases). For these reasons, the Court finds Defendant has not carried its burden on the likelihood of success prong.

### B. Irreparable Harm

Defendant argues that its appeal effectively will be moot without a stay of the Court's order because the documents it wishes to keep confidential will be disclosed to the public in the meantime. Had Defendant more expeditiously moved for a stay, the Court would agree. But Defendant waited until nearly a month after the Court issued its order to move for a stay. During that time, Plaintiff disclosed the documents at issue to another

attorney who, in turn, has shared the documents with an expert witness in a different case. The proverbial cat is already out of the bag. Although the Court could issue a stay that prevents Plaintiff from disclosing these documents to others going forward, it is not clear how the Court can undo the disclosures that already have occurred. The Court therefore finds that Defendant will not be irreparably harmed in the absence of a stay because, even with a stay, the harm Defendant fears has already occurred.

**III. Conclusion**

For these reasons, the Court finds that a stay pending appeal is not warranted. The Court will, however, grant Defendant's alternative request for a temporary 7-day stay to allow time for Defendant to seek a stay from the Ninth Circuit directly.

**IT IS ORDERED** that Defendant's motion to stay (Doc. 372) is **GRANTED IN PART and DENIED IN PART** as follows:

1. Defendant's motion to stay the Court's December 4, 2018 order during the pendency of the appeal is **DENIED**.

2. Defendant's alternative motion for a 7-day stay is **GRANTED**. The Court's December 4, 2018 order (Doc. 369) is **STAYED** for a period of **7 days** from the date of this order. During that time, Plaintiff shall not disclose the documents at issue to anyone not authorized under the Protective Order to view them. This temporary stay will expire automatically, without further order of the Court, 7 days from the date of this order.

Dated this 30th day of January, 2019.

Douglas L. Rayes
United States District Judge